**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SELECTIVE WAY INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No. 2:14-cv-00650-RGD-LRL**

**CRAWL SPACE DOOR SYSTEM, INC.,**
**d/b/a CRAWL SPACE DOOR SYSTEMS, INC.**

**Defendant.**

# ANSWER

COMES NOW the Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space Door"), by counsel, and for its Answer to the Complaint filed against it hereby states as follows:

## NATURE OF ACTION

Crawl Space Door admits that the declaratory judgment filed by Selective Way Insurance Company ("Selective") arises out of an underlying lawsuit instituted by Smart Vent Products, Inc. ("Smart Vent") against Selective's insured, Crawl Space Door. Crawl Space Door admits that Selective has filed this action for a declaratory judgment action pursuant to 28 U.S.C. §§2201-2202 and seeks to have this court declare it has no duty to defend or indemnify Crawl Space Door. Crawl Space Door further admits that Selective agreed to defend Crawl Space Door in the underlying action instituted by Smart Vent and sent a letter to Crawl Space Door agreeing to defend Crawl Space Door and claiming to reserve certain rights. Crawl Space Door further admits that there is a justiciable case or controversy between Selective and Crawl Space Door such that declaratory relief is appropriate. Crawl Space Door neither admits nor denies the

remaining allegations as presented in Selective's Nature Of The Action paragraph, but demands strict proof thereof.

## PARTIES

1. Crawl Space Door admits the allegations of paragraph 1 of the Complaint.
2. Crawl Space Door admits the allegations of paragraph 2 of the Complaint.
3. Crawl Space Door admits the allegations of paragraph 3 of the Complaint.
4. Crawl Space Door admits the allegations of paragraph 4 of the Complaint.
5. Crawl Space Door admits the allegations of paragraph 5 of the Complaint.
6. Crawl Space Door admits the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Crawl Space Door denies that the court has jurisdiction under 28 U.S.C. §1332(d)(2) as this case does not involve a class action in which the matter in controversy exceed the sum or value of Five Million Dollars. It is affirmatively asserted that the court does have jurisdiction under 28 U.S.C. §1332(a)(2). Crawl Space Door admits the remaining allegations of paragraph 7 of the Complaint.
8. Crawl Space Door admits the allegations of paragraph 8 of the Complaint.
9. Crawl Space Door admits the allegations of paragraph 9 of the Complaint.

## BACKGROUND FACTS

A. Underlying Smart Vent Action

10. Crawl Space Door admits the allegations of paragraph 10 of the Complaint.
11. Crawl Space Door admits the allegations of paragraph 11 of the Complaint.
12. Crawl Space Door admits the allegations of paragraph 12 of the Complaint.
13. Crawl Space Door admits the allegations of paragraph 13 of the Complaint.

14. Crawl Space Door admits the allegations of paragraph 14 of the Complaint.

15. Crawl Space Door admits the allegations of paragraph 15 of the Complaint.

16. Crawl Space Door admits the allegations of paragraph 16 of the Complaint.

17. Crawl Space Door admits that paragraph 30 of the Smart Vent Action alleges that Crawl Space Door sells a line of “engineered flood vents” and that paragraph 31 of the Smart Vent Action alleges that Crawl Space Door markets its flood vents and advertises that its flood vents are “FEMA compliant” and that its flood vents conform to the “Flood Insurance requirements of FEMA and the NFIP.” Crawl Space Door denies the remaining allegations of paragraph 17 of the Complaint.

18. Crawl Space Door admits that the Smart Vent Action alleges that Crawl Space Door’s statements that its flood vents meet the requirements of FEMA National Flood Insurance Program (“NFIP”) and FEMA Technical Bulletin 1, August 2008 (“TB-1”) are false and misleading statements about Crawl Space Door’s flood vent products. Crawl Space Door denies the remaining allegations of paragraph 18 of the Complaint.

19. Crawl Space Door admits the allegations of paragraph 19 of the Complaint.

20. Crawl Space Door admits that the Complaint in the Smart Vent Action alleges that as a result of the overstatement of area properly serviced by a single flood vent that “architects, consumers, and builders are misled, and do not know that more Crawl Space Door flood vents are needed to service a given enclosed area.” Crawl Space Door denies the remaining allegations of paragraph 20 of the Complaint.

21. Crawl Space Door admits the allegations of paragraph 21 of the Complaint.

22. Crawl Space Door admits that Smart Vent alleges that by asserting ownership of a patent for flood vents in the context of “designs” for functional features and by immediately

thereafter stating "This technology is unparalleled by industry standards," Crawl Space Door misled consumers into believing that there is a functional link between its "patents" and its products, namely, a utility patent. Crawl Space Door denies the remaining allegations of paragraph 22 of the Complaint.

23. Crawl Space Door admits the allegations of paragraph 23 of the Complaint.

24. Crawl Space Door admits the allegations of paragraph 24 of the Complaint.

25. Crawl Space Door admits the allegations of paragraph 25 of the Complaint.

26. Crawl Space Door admits the allegations of paragraph 26 of the Complaint.

27. Crawl Space Door admits the allegations of paragraph 27 of the Complaint.

B. Selective Policies

30. Crawl Space Door admits the allegations of paragraph 30 of the Complaint.

31. Crawl Space Door neither admits nor denies the allegations of paragraph 31 of the Complaint and demands strict proof thereof.

32. Crawl Space Door admits the allegations of paragraph 32 of the Complaint.

33. Crawl Space Door admits the allegations of paragraph 33 of the Complaint.

34. Crawl Space Door denies the allegations of paragraph 34 of the Complaint.

35. Crawl Space Door admits the allegations of paragraph 35 of the Complaint.

36. Crawl Space Door denies that the Business Liability Coverage Part sets forth various exclusions that apply to bar coverage for "personal and advertising injury," as that term is defined under the Business Liability Coverage Part in this case. However, it is admitted that the Business Liability Coverage Part sets forth exclusions that reflect that the insurance does not apply to certain actions.

37. Crawl Space Door admits that the policy has an exclusion for "personal and advertising injury" arising out of the infringement, patent, trademark, trade secrets, or other intellectual property rights. However, this exclusion does not apply to infringement in "advertisement," of copyright, trade dress or slogan. Crawl Space Door neither admits nor denies the remaining allegations of paragraph 37 of the Complaint and demands strict proof thereof.

38. Crawl Space Door admits the allegations of paragraph 38 of the Complaint.

39. Crawl Space Door denies the allegations of paragraph 39 of the Complaint. It is admitted that the Business Liability Coverage Part includes an exclusion for "material published with knowledge of falsity" that excludes coverage for "personal and advertising injury" arising out of "oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity."

40. Crawl Space Door admits the allegations of paragraph 40 of the Complaint.

41. Crawl Space Door admits the allegations of paragraph 41 of the Complaint.

42. Crawl Space Door admits the allegations of paragraph 42 of the Complaint.

C. Selective's Reservation of Rights Coverage Position

43. Crawl Space Door admits the allegations of paragraph 43 of the Complaint.

44. Crawl Space Door denies the allegations of paragraph 44 of the Complaint. It is admitted that in its March 11, 2014 letter, Selective maintained its position that allegations and claims asserted in the Smart Vent Complaint did not obligate it to afford Personal and Advertising Liability Coverage to Crawl Space Door; however, Selective acknowledged that the Complaint could be construed to "possibly allege a claim for disparagement." Crawl Space Door denies the remaining allegations of paragraph 44 of the Complaint.

45. Crawl Space Door admits the allegations of paragraph 45 of the Complaint.

46. It is admitted that the March 11, 2014 letter by Selective specifically cited the definition of "personal and advertising injury" and certain exclusions as the reasons why Selective reserved certain rights pursuant to the letter, but nevertheless acknowledged that the Smart Vent Complaint "possibly asserted a claim for disparagement under the policy." Crawl Space Door specifically asserts that paragraph 31 to 35 of the Complaint do not reference exclusions. Crawl Space Door denies the remaining allegations of paragraph 46 of the Complaint.

47. Crawl Space Door admits the allegations of paragraph 47 of the Complaint.

## COUNT I
## DECLARATORY JUDGMENT
## SELECTIVE HAS NO DUTY TO DEFEND CRAWL SPACE AGAINST THE ALLEGATIONS IN THE SMART VENT ACTION

48. Crawl Space Door hereby incorporates its responses in paragraph 1-47 above as if fully set forth herein.

49. Crawl Space Door denies the allegations of paragraph 49 of the Complaint.

50. Crawl Space Door admits that Selective acknowledged its duty to defend and did so on March 11, 2014; however, Selective has yet to make any payments to counsel hired by Crawl Space Door towards the defense of the Smart Vent Action.

51. Crawl Space Door admits the allegations of paragraph 51 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT
## SELECTIVE HAS NO DUTY TO INDEMNIFY CRAWL SPACE DOOR AGAINST THE ALLEGATIONS IN THE SMART VENT ACTION

52. Crawl Space Door hereby incorporates its responses in paragraph 1-51 above as if fully set forth herein.

53. Crawl Space Door denies the allegations of paragraph 53 of the Complaint.

54. Crawl Space Door denies the allegations of paragraph 54 of the Complaint. Crawl Space Door specifically asserts that although Selective has acknowledged its duty to defend and did so on March 11, 2014, Selective is yet to make any payments to counsel hired by Crawl Space Door towards the defense of the Smart Vent Action.

55. Crawl Space Door admits the allegations of paragraph 55 of the Complaint.

## DEFENSES

Defendant hereby gives notice that it may rely on the following defenses in opposing the Complaint. Defendant does not hereby assume any burden of proof that would otherwise rest on Plaintiff. Defendant, by listing such defenses, also does not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses under any applicable law. Defendant, by listing defenses (here or elsewhere in its Answer), also does not limit its ability to present any defenses that it does not need to identify by Answer or otherwise. Defendant reserves the right to assert additional defenses as they become known during discovery.

1. The Defendant hereby denies all allegations in the Complaint which are not specifically admitted or otherwise address in the foregoing paragraphs.

2. The Plaintiff is estopped from asserting the actions stated in its Complaint based upon its conduct, actions and representations.

3. The Plaintiff has waived its right to proceed in the actions asserted in its Complaint based upon its conduct, actions and representations.

WHEREFORE, Crawl Space Door requests this Honorable Court enter an Order:

a) declaring that Selective has a duty to defend Crawl Space Door under the Selective Policies for the claims set forth in the Complaint filed in the Smart Vent Action;

b) declaring that Selective has an obligation to indemnify Crawl Space Door for any judgment entered or settlement reached in the Smart Vent Action; and

c) for such other and further relief as the nature of the case may require.

**COUNTERCLAIM**

COMES NOW CRAWL SPACE DOOR SYSTEM, INC. ("Crawl Space Door"), by counsel, and for its Counterclaim against SELECTIVE WAY INSURANCE COMPANY ("Selective") hereby states and alleges as follows:

1. This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Section 2201 to Title 28 of the United States Code to declare the rights and obligations surrounding questions of actual controversy that presently exist between the Plaintiff and the Defendant.

PARTIES

2. Crawl Space Door is a corporation organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business in Virginia Beach, Virginia. Crawl Space Door, therefore, is a citizen of the Commonwealth of Virginia. Crawl Space Door is licensed to conduct business within the Commonwealth of Virginia.

3. Selective Way Insurance Company is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business in Branchville, New Jersey.

Selective, therefore, is a citizen of the State of New Jersey. Selective is licensed to conduct business as an insurance company under the laws of the Commonwealth of Virginia.

JURISDICTION

4. This court has original jurisdiction under the provisions of Section 1332 of Title 28 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

VENUE

5. The venue of this action is properly predicated on Section 1391(b)(2) of Title 28 of the United States Code in that jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district and division in which the Selective does business and in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Venue is proper in this Division pursuant to Local Rule 3(C) of the Rules of the United States District Court for the Eastern District of Virginia.

STATEMENT OF CLAIM

7. Crawl Space Door operates a business, headquartered in Virginia Beach, Virginia, and sells crawl space doors, flood vents, and other similar products throughout the Commonwealth of Virginia and the United States.

8. Crawl Space Door procured commercial policy insurance contracts from Selective, policy number S1908670. These policies have been in effect from September 5, 2009 through September 5, 2014 (the “Insurance Contract”) and have been in effect for all times relevant hereto.

9. The Insurance Contract provides commercial property coverage for Crawl Space Door, subject to certain conditions and exclusions in the Insurance Contract.

10. On or about September 24, 2013, Smart Vent Products, Inc. ("Smart Vent") filed suit against Crawl Space Door in the United States District Court for the District of New Jersey (the "Smart Vent Action"). The Smart Vent Action was served upon Crawl Space Door on October 7, 2013 and Crawl Space Door informed Selective of the Smart Vent Action and tendered the defense to Selective on October 8, 2013.

11. On December 5, 2013, Selective sent a letter to Crawl Space Door disclaiming coverage for Crawl Space Door in the Smart Vent Action.

12. On February 10, 2014, counsel for Crawl Space Door filed an internal appeal with Selective's Claims Internal Appeal Administrator and made demand for Selective to withdraw its disclaimer of coverage of the SmartVent Action and undertake the defense of its insured.

13. In response to the internal appeal, Selective reversed its position and agreed to defend Crawl Space Door in the Smart Vent Action, subject to a reservation of certain rights as shown on Selective's March 11, 2014 letter. In its March 11, 2014 letter, Selective "acknowledges that paragraphs 38 and 49 of the Complaint … could be construed to 'possibly' allege a claim for disparagement." In addition, Selective agreed to use counsel already hired by Crawl Space Door, Rivkin Radler, LLP ("Rivkin Radler"), as defense counsel in the Smart Vent Action contingent upon the negotiation of a reasonable hourly rate. Subsequent to the March 11, 2014 letter, Crawl Space Door, Selective and Rivkin Radler reached an agreement as to rates.

14. Selective has now asserted that it has no obligation to defend or indemnify Crawl Space Door under the policy and has filed a declaratory judgment action seeking a release of their

obligation to defend or indemnify Crawl Space Door in the Smart Vent Action (the Complaint in this action).

15. A review of the allegations of the Complaint filed in the Smart Vent Action compared to the terms of the Insurance Contract establishes that Selective is under a duty to defend Crawl Space Door in the Smart Vent Action and may have a duty to indemnify Crawl Space Door dependent upon the outcome to the Smart Vent Action.

16. The Smart Vent Action includes allegations that fall within one or more of the offenses under the definition of "personal and advertising injury" under the Insurance Contract.

17. As set forth in the Selective Policy, "personal and advertising injury" is defined to include "[o]ral or written publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

18. The Smart Vent Action makes allegations that are covered as disparagement under the definition of "personal and advertising injury." Smart Vent alleges that Crawl Space Door has marketed its products as being either superior or equivalent to the products produced by Smart Vent when, according to the allegations of the complaint, the Crawl Space Door products are actually inferior.

19. The Smart Vent Action also makes allegations that are covered as "use of another's advertising idea in your 'advertisement'" under the definition of "personal and advertising injury."

20. The Smart Vent Action contains other allegations that trigger Selective's obligation to defend Crawl Space Door and indemnify Craw Space Door in the Smart Vent Action. Further, no exclusions in the Insurance Contract exist that override Selective's duty to defend and duty to indemnify Crawl Space Door in the Smart Vent Action.

21. There is a real, substantial, and justiciable controversy between the parties in that Crawl Space Door maintains that the Insurance Contract obligates Selective to defend Crawl Space Door in the Smart Vent Action and pay any judgment or settlement that may result, and Selective asserts that it does not have any obligation to defend or indemnify Crawl Space Door in the Smart Vent Action or pay any judgment or settlement that may result.

**COUNT I**
**DECLARATORY JUDGMENT**
**(SELECTIVE'S DUTY TO DEFEND)**

22. Plaintiff hereby incorporates all foregoing paragraphs as if fully set out herein.

23. Pursuant to the Insurance Contract, Selective has a duty to defend Crawl Space Door in the Smart Vent Action.

24. Despite the fact that the defense of the Smart Vent Action was tendered by Crawl Space Door to Selective on October 8, 2013 and Selective acknowledged its duty to defend on March 11, 2014, as of January 28, 2015, Selective has still failed to make any payments to counsel hired by Crawl Space Door for defense of the Smart Vent Action.

25. Crawl Space Door is entitled to a judgment from this Court declaring that Selective has a duty to defend Crawl Space Door in the Smart Vent Action.

**COUNT II**
**DECLARATORY JUDGMENT**
**(SELECTIVE'S DUTY TO INDEMNIFY)**

26. Plaintiff hereby incorporates all foregoing paragraphs as if fully set out herein.

27. Pursuant to the Insurance Contract, Selective has a duty to indemnify Crawl Space Door for any judgment entered or settlement reached in the Smart Vent Suit.

28. Crawl Space Door is entitled to a judgment from this Court declaring that Selective has a duty to indemnify Crawl Space Door for any judgment entered or settlement reached in the Smart Vent Suit.

**WHEREFORE**, Crawl Space Door prays that this Honorable Court enter judgment as follows:

1) declaring that Selective has a duty to defend Crawl Space Door in the SmartVent Suit;

2) declaring that Selective has an obligation to indemnify Crawl Space Door for any judgment entered or settlement reached in the Smart Vent Suit; and

3) for such other relief as the nature of the case may require.

RESERVING RIGHTS TO AMEND

Crawl Space Door reserves the right to amend this pleading to allege additional facts, causes of action, or basis for coverage, to the extent such causes of action basis for coverage are revealed in discovery or the continued investigation of this matter.

**CRAWL SPACE DOOR SYSTEM, INC.**
**d/b/a CRAWL SPACE DOOR SYSTEMS, INC.**

By: *__/s/ Scott L. Reichle, Esq.__*

Scott L. Reichle, Esq. (VSB No. 40016)
James H. Shoemaker, Esq. (VSB No. 33148)
Jason E. Messersmith, Esq. (VSB No. 77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: 757.223.4536
Facsimile: 757.249.1627
Email: sreichle@pwhd.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 6th day of February, 2015, I will electronically file the foregoing with the Clerk of Court using the C2M/ECF system, which will then send a notification of such filing (NEF) to the following:

Calvin W. Fowler, Jr., Esq. (VSB 27982
Harold E. Johnson, Esq. (VSB 65591)
WILLIAMS MULLEN
200 South 10th Street
P.O. Box 1320
Richmond, Virginia 23218
Telephone: 804.420.6000
Facsimile: 804.420.6507
Email: wfowler@williamsmullen.com
Email: hjohnson@williamsmullen.com
*Counsel for Plaintiff*

*/s/ Scott L. Reichle, Esq.*
Scott L. Reichle, Esq.
Virginia State Bar No. 40016
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Email: sreichle@pwhd.com