**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SELECTIVE WAY INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No. 2:14-cv-00650-RGD-LRL**

**CRAWL SPACE DOOR SYSTEM, INC.,**
**d/b/a CRAWL SPACE DOOR SYSTEMS, INC.**

**Defendant.**

# STATUS REPORT

COMES NOW the Defendant, Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Crawl Space Door"), by counsel, and for its status report to the court hereby states as follows.

## Introduction

This matter came before this Honorable Court on July 13, 2015 on Plaintiff's and Defendant's Cross-Motions for Summary Judgment. At that time, the Court heard argument by counsel and entered an order on July 17, 2015 taking the motions under advisement. The Court noted in its order that the Smart Vent Action was still pending in New Jersey and that Selective was defending Crawl Space Doors under a reservation of rights. The Court also noted that there was a motion to dismiss the complaint that had been filed in New Jersey but it had not been decided. Recognizing that the motion to dismiss could impact the Court's decision, the Court took the Cross-Motions for Summary Judgment pending in this Court under advisement "pending the complete resolution of the motion to dismiss in New Jersey and the filing of any

pleadings in New Jersey as a result thereof." The Court further directed the parties to report to this Court within sixty (60) days as to the status of the New Jersey case.

The motion referenced by the Court in its Order is actually a Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). A copy of that Motion and supporting memorandum is attached hereto as **Exhibit A**. Attached as **Exhibit B** is the Brief in Opposition to the Motion for Partial Judgment on the pleadings filed by Smart Vent Products, Inc. Finally, attached as **Exhibit C** is the Reply Brief filed by Crawl Space Doors.

There has been no ruling by the Federal District Court for the District of New Jersey (the "New Jersey court") on the Motion for Partial Judgment on the Pleadings. However, since this Court's hearing on July 13, 2015, there have been a few significant developments in the New Jersey case.

**Rivkin Radler's Motion to Withdraw as Counsel**

One significant development is that Crawl Space Doors' counsel in the New Jersey action has filed a Motion to Withdraw as Counsel due to nonpayment of legal fees. To understand how this occurred, a little background information may be of assistance to the Court. As discussed in Crawl Space Doors' briefs previously filed with this Court, Selective Insurance initially denied that it was obligated to defend Crawl Space Doors in the New Jersey action. As a result, Crawl Space Doors was required to hire its own counsel to defend the action. Crawl Space Doors chose New Jersey counsel with the firm of Rivkin Radler due to their expertise and experience with similar matters. After Crawl Space Doors administratively appealed Selective's decision not to defend Crawl Space Doors in the New Jersey Action, Selective reversed its decision and agreed to defend Crawl Space Doors under a reservation of rights.

However, Selective would not agree to retain Rivkin Radler to continue the defense of the action due to Selective's opinion that Rivkin Radler's hourly rates were excessive. Consequently, Crawl Space Doors was given the choice of either switching counsel to a firm agreeable to Selective, or in the alternative, entering into a cost sharing agreement whereby Crawl Space Doors would pay part of the legal bills. This agreement is memorialized in a letter from Kevin MacGillivray dated August 30, 2014 attached hereto as **Exhibit D**.

Unfortunately, Selective has failed to meet its obligations under the fee arrangement and is significantly in arears. In fact, despite the cost sharing agreement, Selective did not pay for any legal services rendered by Rivkin Radler in 2015 until August 20, 2015. Consequently, Rivkin Radler filed a Motion to Withdraw as counsel. A copy of the Motion and supporting memoranda are attached hereto as **Exhibit E**. The attached documents reflect that, at the time of the filing of the Motion to Withdraw, Rivkin Radler was owed a total of $408,022.97, of which Selective is responsible for $298,585.97 and Crawl Space Doors is responsible for $109,437.00. Crawl Space Doors spoke with a representative for Rivkin Radler and agreed to make payments for its portion of the outstanding bill. Nevertheless, Rivkin Radler chose to move forward on its Motion to Withdraw as Counsel. The failure of Selective to pay its legal bills was obviously a major consideration in this decision.

The Motion to Withdraw as Counsel is set to be heard by the New Jersey court on September 21, 2015. I have attached hereto a copy of a letter dated September 8, 2015, from A. J. DiMarino, P.C., counsel for Smart Vent, objecting to Rivkin Radler's withdrawal as counsel hereto as **Exhibit F**. I also have attached hereto as **Exhibit G** a letter from Crawl Space Doors dated September 10, 2015 asking the New Jersey court to continue the Motion to Withdraw for an additional thirty (30) days so that substitute counsel can hopefully be located.

Crawl Space Doors and Selective have not yet been able to reach an agreement as to appropriately qualified substitute counsel for Rivkin Radler in the event Rivkin Radler is permitted to withdraw as counsel of record for Crawl Space Doors in the New Jersey case.

**Status of Motion for Partial Judgment on the Pleadings**

Because of Rivkin Radler's motion to withdrawal as counsel, the New Jersey court requested that Crawl Space Doors move to administratively terminate the Motion for Partial Judgment on the Pleadings so that the court would not issue a decision at a time when Crawl Space Doors was not represented by counsel. On the advice of Rivkin Radler, Crawl Space Doors agreed to an administrative termination. As a result, on August 31, 2015, the New Jersey court ordered that Crawl Space Doors' Motion for Partial Summary Judgment was administratively terminated without prejudice to reinstate by letter request. A copy of that Order is attached hereto as **Exhibit H**.

Crawl Space Doors has been advised that it only need submit a letter to the New Jersey court to reinstate this matter, which Crawl Space Doors intends to do once the New Jersey court makes a determination as to whether Rivkin Radler will be permitted to withdraw, and if so, once substitute counsel is engaged. It is uncertain how long it will take the New Jersey court to rule upon the Motion for Partial Judgment on the Pleadings once the matter has been reinitiated. Counsel for Crawl Space Doors has been told that the New Jersey court will generally rule on these motions within six months from the date of filing, although it is not a written rule.

WHEREFORE, the Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. respectfully requests this Honorable Court continue to take this matter under advisement while these issues are still pending in the United States District Court for the District of New Jersey, or in the alternative, grant summary judgment in its favor and rule that Selective

Way Insurance has a duty to defend Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. in the New Jersey litigation for the reasons expressed in its briefs.

**CRAWL SPACE DOOR SYSTEM, INC.**
**d/b/a CRAWL SPACE DOOR SYSTEMS, INC.**

By: *__/s/ Scott L. Reichle, Esq.__*

Scott L. Reichle, Esq. (VSB No. 40016)
James H. Shoemaker, Esq. (VSB No. 33148)
Jason E. Messersmith, Esq. (VSB No. 77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: 757.223.4536
Facsimile: 757.249.1627
Email: sreichle@pwhd.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of September, 2015, I will electronically file the foregoing with the Clerk of Court using the C2M/ECF system, which will then send a notification of such filing (NEF) to the following:

Calvin W. Fowler, Jr., Esq. (VSB 27982
Harold E. Johnson, Esq. (VSB 65591)
WILLIAMS MULLEN
200 South 10th Street
P.O. Box 1320
Richmond, Virginia 23218
Telephone: 804.420.6000
Facsimile: 804.420.6507
Email: wfowler@williamsmullen.com
Email: hjohnson@williamsmullen.com
*Counsel for Plaintiff*

Kevin MacGillivray, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07960
Telephone: 973.993.8100
Email: macgillivrayk@mdmc-law.com
*Counsel for Plaintiff*

*/s/ Scott L. Reichle, Esq.*
Scott L. Reichle, Esq.
Virginia State Bar No. 40016
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Email: sreichle@pwhd.com